**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

**SECURITIES AND EXCHANGE COMMISSION,**

                        **Plaintiff,**

       v.

**RAFAEL ANTONIO CALLEJA, JR.,**

                        **Defendant.**

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff Securities and Exchange Commission alleges as follows:

**INTRODUCTION**

1. The Commission brings this action to enjoin Defendant Rafael Antonio Calleja, Jr. ("Calleja" or "Defendant") from further violations of the anti-fraud, broker-dealer registration, and registration provisions of the federal securities laws.

2. From approximately March through July 2014, Calleja and the company he part-owned and managed, Tower Trade Group USA LLC ("TTG USA"), solicited and received investment funds of approximately $2.7 million from ten mostly elderly or retired investors, as part of an unregistered securities offering. Despite not being associated with a registered broker-dealer, Calleja personally touted the merits of the offering to investors and guaranteed that their principal amount was insured and that they would receive a fixed rate of return in one year. Defendant acted as an unregistered broker-dealer and the offering should have been registered with the Commission and required information about the investment provided to investors.

3. Instead, Calleja failed to disclose virtually any information to the investors. Notably, Calleja failed to disclose that he had consented, on September 5, 2012, to the entry by the Financial Industry Regulatory Authority ("FINRA") of a permanent bar from association with any FINRA member in any capacity. *See* FINRA Case #2008015214901. Calleja also did not disclose the actual use of the funds and did not invest the funds as represented to investors. He misappropriated and used at least $123,000 of investor funds for his own personal enjoyment such as golf outings, shopping and cruises.

4. As a result of this misconduct, Calleja violated Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a) and (c) and 77q(a)]; and Sections 15(a) and 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder [15 U.S.C. §78j(b) and 78o(a)(1) and 17 C.F.R. § 240.10b-5]. Unless the Court enjoins the Defendant, he is reasonably likely to continue to violate these provisions of the federal securities laws.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act [15 U.S.C. §§ 77t(d) and 77v(a)] and Sections 21(d) and 27 of the Exchange Act [15 U.S.C. §§ 78u(d) and 78aa].

6. This Court has personal jurisdiction over the Defendant, and venue is proper in the Southern District of Florida because many of the Defendant's acts, omissions and misrepresentations constituting violations of the Securities Act and the Exchange Act occurred in the Southern District of Florida.

**DEFENDANT'S FEDERAL SECURITIES LAWS VIOLATIONS**

7. Calleja, age 42, is a resident of Naples, Florida and part owned and managed Tower TTG USA, a limited liability corporation registered in the State of Florida since February 20, 2014 and based in Miami, Florida that was not registered with the Commission in any capacity. TTG USA ceased operations on March 31, 2015 and was dissolved effective July 1, 2016.

8. From approximately March through July 2014, Calleja and TTG USA solicited and received investment funds of approximately $2.7 million from ten mostly elderly or retired investors. No registration statement was filed or in effect with respect to this offering. The investments were memorialized in promissory notes with a one-year redemption period. Although Calleja attempted to claim a Securities Act Regulation D private placement exemption, the offering did not qualify for this exemption or any other exemption because all but two of the investors were non-accredited and not sophisticated.

9. Calleja also failed to disclose to investors that on September 5, 2012, he had been permanently barred by FINRA from association with any FINRA member in any capacity. As a result of this non-disclosure, TTG USA was ineligible for a private placement pursuant to the "bad actor" provision of Securities Act Rule 506(d).

10. Instead of providing information about the investment as required under Securities Act Sections 5(a) and (c), Calleja failed to disclose virtually any information to the investors other than that their funds were to be insured and that they would receive a fixed rate of return in one year. Calleja did not disclose to investors that their funds would be sent offshore to be invested by a foreign company ("Foreign Affiliate") affiliated with TTG USA. Calleja also did not invest the funds as represented to investors. He misappropriated and used at least

$123,000 of investor funds for his own personal enjoyment.

11. The Foreign Affiliate eventually began investing the funds in November 2014, approximately 8 months after the initial investor deposit, but did not invest the bulk of the funds until the end of January 2015, nearly a year after the initial investor deposit. Calleja failed to invest at all at least $90,000 of investor funds. After discovering Calleja's misuse of investor funds, the Foreign Affiliate re-paid all of the investors in full, even covering the shortfall caused by Calleja's misappropriation.

## CLAIMS FOR RELIEF

## COUNT I

### Violations of Sections 5(a) and (c) of the Securities Act

12. The Commission repeats and realleges paragraphs 1-11 of this Complaint as if fully restated herein.

13. No registration statement was filed or in effect with the Commission pursuant to the Securities Act and no exemption from registration existed with respect to the securities and transactions described in the Complaint.

14. Defendant directly or indirectly: (a) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to sell securities, through the use or medium of a prospectus or otherwise; (b) carried securities or caused such securities to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or delivery after sale; and (c) made use of the means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, without a registration statement having been filed or being in effect with the Commission as to

such securities.

15. By reason of the foregoing, Defendant directly or indirectly violated, and, unless enjoined, is reasonably likely to continue to violate Sections 5(a) and (c) of the Securities Act [15 U.S.C. §§77e(a) and (c)].

## COUNT II

### Violations of Section 15(a)(1) of the Exchange Act

16. The Commission repeats and realleges paragraphs 1-11 of this Complaint as if fully restated herein.

17. Defendant directly or indirectly, by use of the means and instrumentalities of interstate commerce, while acting as a broker or dealer engaged in the business of effecting transactions in securities for the accounts of others, effected transactions in securities, or induced or attempted to induct the purchase and sale of securities, without registering as a broker-dealer in accordance with Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

18. By reason of the foregoing, Defendant directly or indirectly violated, and, unless enjoined, is reasonably likely to violate Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## COUNT III

### Violations of Section 17(a) of the Securities Act

19. The Commission repeats and realleges paragraphs 1-11 of this Complaint as if fully restated herein.

20. Defendant directly or indirectly, by use of the means or instruments of transportation or communication in interstate commerce and by use of the mails in connection with the offer or sale of securities, have knowingly, willfully or recklessly employed devices,

schemes or artifices to defraud; obtained money or property by means of untrue statements of material fact or by omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and engaged in transactions, practices or courses of business which operated or would operated as a fraud or deceit upon the purchasers of such securities.

21. By reason of the foregoing, Defendant directly or indirectly violated, and, unless enjoined, is reasonably likely to continue to violate, Sections 17(a)(1)-(3) of the Securities Act [15 U.S.C. §§77q(a)(1)-(3)].

## COUNT IV

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5

22. The Commission repeats and realleges paragraphs 1-11 of this Complaint as if fully restated herein.

23. Defendant directly or indirectly, by use of the means and instrumentalities of interstate commerce, and of the mails in connection with the purchase or sale of securities, knowingly, willfully or recklessly: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaged in acts, practices and courses of business which have operated, are now operating and will operate as a fraud upon the purchasers of such securities.

24. By reason of the foregoing, Defendant directly or indirectly violated, and, unless enjoined, is reasonably likely to continue to violate Section 10(b) of the Exchange Act and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5].

## RELIEF REQUESTED

WHEREFORE, the Commission respectfully requests that the Court:

### I.

### Permanent Injunctive Relief

Issue a Permanent Injunction restraining and enjoining defendant from violating Sections 5(a) and (c) and 17(a) of the Securities Act and Sections 15(a)(1) and 10(b) of the Exchange Act and Rule 10b-5 thereunder.

### II.

### Further Relief

Grant such other further relief as may be necessary and appropriate.

### III.

### Retention of Jurisdiction

Further, the Commission respectfully requests that the Court retain jurisdiction over this action in order to implement and carry out the terms of all orders and decrees that it may enter, or to entertain any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

Respectfully submitted,

November 22, 2016     By:     *s/Andrew O. Schiff*
Andrew O. Schiff, Lead Counsel
Regional Trial Counsel
Direct Dial:  (305) 982-6390
Facsimile:  (305) 536-4154
E-mail:  schiffa@sec.gov

Scott A. Lowry
Senior Counsel
D.C. Bar. No. 492865
Direct Dial:  (305) 982-6387
Facsimile:  (305) 536-4120
E-mail:  lowrys@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
801 Brickell Avenue, Suite 1800
Miami, FL 33131